UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**RIDELL LAMBERT,**<br>Defendant. | CASE NO. 4:18-cr-00149-YGR<br><br>**ORDER DENYING MOTION FOR JUDICIAL RECOMMENDATION FOR RRC PLACEMENT**<br><br>Re: Dkt. No. 51 |

Pending before the Court is defendant Ridell Lambert's *pro se* motion for a judicial recommendation for additional residential reentry center ("RRC") placement. (Dkt. No. 51.) Defendant seeks a recommendation from this Court to the Bureau of Prisons ("BOP") for placement in an RRC for the 1-year term preceding his release from a correctional facility. No response has been filed by the Government. For the reasons set forth below, the Court **DENIES** the request for a judicial recommendation for RRC placement and defers to the BOP's determination on this matter.

**DISCUSSION**

Defendant seeks a judicial recommendation for RRC placement on the grounds that "it would afford him extra time to gain employment, save for housing, and in general integrate back into society." Defendant asserts that he is enrolled in the Drug Awareness Program and other "numerous classes designed to give him better social skills and education for reentry." He further states that he "sincerely wants to improve his [mindset], where he does not intend, or ever want to

come back to prison" and contends that placement in an RRC will reduce his risk of reoffending.

The Supreme Court has made it clear that "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f)." *Tapia v. United States*, 564 U.S. 319, 331 (2011). The sentencing judge can make a judicial recommendation to the BOP to place an inmate in a particular facility or program, but ultimately "decisionmaking authority rests with the BOP." *Id.*

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]." *Id.* Section 3624(c)(1), as amended by the Second Chance Act of 2007, provides:

> [The BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). A sentencing court may make a recommendation that a prisoner serve a term of imprisonment in an RRC. 18 U.S.C. § 3621(b). However, a judicial recommendation is only one factor that the BOP considers in determining a prisoner's placement and has "no binding effect" on the BOP to determine or change a prisoner's placement. 18 U.S.C. § 3621(b).

A district court's decision whether to make a recommendation to the BOP is discretionary. *See United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (holding that district court's recommendation to BOP is non-binding and non-appealable, but noting that this conclusion "does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time"). Some sentencing courts have issued orders granting a defendant's request for a judicial recommendation while other courts have denied such requests. *See United States v. Perry*, No. 13-CR-00049 (TLN), 2017 WL 1534275, at *2 (E.D. Cal. Apr. 28,

2017) (noting numerous district court decisions either granting or denying a defendant's request for a judicial recommendation for placement in an RRC). Those courts that have declined to issue a judicial recommendation for RRC placement cite to BOP's role in being in a better position to determine such placement. *Id.*

While the Court appreciates defendant's desire to improve his prospects of successfully reintegrating into society, the Court believes that the BOP is in the best position to evaluate defendant's current situation and make an appropriate determination as to RRC placement. *See United States v. Bishop,* No. 07-CR-00516 (JMS), 2015 WL 13235851, at *3 (D. Haw. Oct. 2, 2015) ("[T]he BOP is better suited to evaluating whether and to what extent re-entry placement is warranted."). Accordingly, the Court **DENIES** defendant's motion for a judicial recommendation for placement in an RRC and defers to BOP's determination regarding this matter.

This Order terminates Docket No. 51.

**IT IS SO ORDERED.**

Dated: February 18, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**