United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**RIDELL LAMBERT,**<br><br>Defendant. | CASE NO. 4:18-cr-00149-YGR<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY AND TO REDUCE SENTENCE**<br><br>Re: Dkt. No. 52 |

Defendant Ridell Lambert is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Corrections Institute in Herlong, California ("FCI Herlong"). Lambert previously requested a reduction of sentence under the First Step Act, which makes retroactive certain provisions of the Fair Sentencing Act of 2010. (Dkt. No. 46.) Having already incorporated the Fair Sentencing Act's reforms when sentencing defendant, the Court denied the motion. (Dkt. No. 50.) Lambert now requests an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) for "either compassionate release or a sentence reduction [to home confinement] due to extenuating circumstances." (Dkt. No. 52.)

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers in support of the motion and the pre-sentence reports provided by U.S. Probation, the

---

[1] Lambert states that he submitted his request for compassionate release to the warden at FCI Herlong but does not say when. Given that thirty days have passed since the motion for compassionate release was filed on January 11, 2021, the Court finds that it has jurisdiction.

Court **DENIES** the motion.

## DISCUSSION

On August 23, 2018, Lambert pled guilty to violations of 21 U.S.C. sections 841(a)(1), (b)(1)(B)(iii) (possession with intent to distribute 28 grams or more of cocaine base) and 18 U.S.C. section 922(g)(1) (felon in possession of a firearm and ammunition). On January 31, 2019, the Court sentenced Lambert to a term of imprisonment of 72 months in the custody of the BOP and four years of supervised release. (Dkt. No. 41.) The BOP's website reflects Lambert's release date as May 28, 2023.[2]

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).

With respect to whether an "extraordinary or compelling reason" justifies release, Lambert asserts that "[w]ithin weeks the [corona]virus [has] spread like wildfire regardless of the preventative measures that have been taken by [FCI Herlong]" and that more than half of the individuals housed in his dormitory have become infected with the virus. However, Lambert does not contend that he is particularly vulnerable to contracting COVID-19. While deeply troubling, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. §1B1.13." *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. Mar. 25, 2020) (Hamilton, J.).

The Court has reviewed its file in this matter thoroughly, including the Probation Office's presentencing reports submitted at the time of sentencing. The Court takes into account whether

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited February 17, 2021).

the defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. section 3142(g). Finally, the Court considered the factors under 18 U.S.C. section 3553(a), which also do not support Lambert's request for compassionate release. The law and the specific facts of this case weigh against any granting of this motion.

For the foregoing reasons, defendant's motion for compassionate release is **DENIED**.

This Order terminates Docket No. 52.

**IT IS SO ORDERED.**

Dated: February 18, 2021

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**